(C. D. 197)

BASHAW CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 31, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover a sum of money assessed as customs duties upon an importation of what are described on the invoice as pignolia nuts from Italy. The collector of customs assessed duty on these nuts at the rate of 5 cents per pound under the provision in paragraph 761 of the Tariff Act of 1930 for edible nuts, not specially provided for, if shelled. It is claimed by the plaintiff herein that these pine nuts are properly free of duty under paragraph 1727 by virtue of the provisions of paragraph 1732 of the free list of the same act.

The provisions of the statute in question are as follows:

PAR. 761. Edible nuts, not specially provided for, * * * shelled, 5 cents per pound * * *.

PAR. 1727. Oil-bearing seeds and nuts: * * * seeds and nuts, not specially provided for, when the oils derived therefrom are free of duty.

PAR. 1732. Oils, expressed or extracted: * * * and nut oils not specially provided for.

At the trial of the case in San Francisco no witnesses were produced by either side. The case was submitted upon an oral stipulation between counsel that "the merchandise is edible, and that it consists of Pignolia nuts, otherwise known as pine nuts."

Pignolia is defined in Webster's New International Dictionary as, "The edible seed of the nut pine. *Trade Name.*"

The description of pine nuts as found in the Encyclopaedia Britannica is as follows:

Pine nuts are the seeds of several species of *Pinus*, eaten in the countries of their growth, and also serving to some extent as sources of oil. Of these the most important are the stone pine, *Pinus Pinea*, of Italy and the Mediterranean coasts, and the Russian stone pine, *Pinus Cembra*. *Pinus Sabiniana*, the digger pine of California; *P. edulis*, *P. monophylla*, *P. Parryana*, and *P. cembroides*, the "pinons" of the southwestern United States and northern Mexico; and also *P. Gerardiana* of the Himalayas similarly yield edible seeds. These seeds possess a pleasant, slightly resinous flavour.

Webster's New International Dictionary defines pinon as follows:

*Pinon.* \* \* \* b. The nutlike seed of any of these species, now used in confectionery, etc., under the name pignolia.

The Tariff Act of 1922 contained an *eo nomine* provision for pignolia nuts in paragraph 755 thereof. This was eliminated from the corresponding paragraph in the act of 1930 (757). By referring to the Conference Report to accompany H. R. 2667, the Tariff Act of 1930 when it was in the course of preparation, we find the following at p. 67:

\* \* \* Pignolia nuts and pistache nuts are not specifically mentioned in the House bill, but are classified for duty in paragraph 759 of the House bill as edible nuts not specially provided for at 5 cents per pound if not shelled and 10 cents per pound if shelled. The Senate amendment specifically provides for these nuts at the lower rate of 1 cent per pound, no distinction being made between those which are shelled and those which are not shelled; and the Senate recedes, the effect of which is to place these nuts in the basket clause.

We gather from this that it was the intent of Congress to provide for pignolia nuts under the basket provision in paragraph 761 for edible nuts, not specially provided for, as they were here assessed. We must, therefore, examine the statute in order to determine whether or not it is phrased in such language as would carry out the congressional intent.

On the record as presented these are edible nuts consisting of pignolia nuts which are known as pine nuts. Pine nuts, according to the article above quoted, "serve to some extent as sources of oil," and are therefore oil-bearing nuts. The statute contains provisions for both edible nuts, not specially provided for, and for nuts, not specially provided for, when the oils derived therefrom are free of duty. We therefore must determine which provision is more specific.

Judging from the classification and assessment the collector found the first-named provision of the statute more specific. The importer has presented no evidence to rebut this finding.

Both of these provisions are designations by use. Therefore chief use would govern. No evidence has been produced as to the chief use of these pignolia nuts. A presumption attaches to the collector's assessment that he has found all the facts to exist which are necessary to support his classification. *United States* v. *Hillier's Son Co.*, 16 Ct. Cust. Appls. 103, T. D. 42762; *United States* v. *Sandoz Chemical Works*, id. 392, T. D. 43119; *United States* v. *Fenton Co.*, id. 418, T. D. 43134; *Wo & Co.* v. *United States*, 15 *id.* 337, T. D. 42494. Therefore he found that the chief use of these nuts was for eating purposes, which would bring them within the purview of paragraph 761, *supra*.

The Government in its brief contends that under the holding in the case of *Prunty Seed & Grain Co.* v. *United States*, 18 C. C. P. A. 268, T. D. 44429, the very question here presented has been decided adversely to the importer's contention. That case involved certain niger seeds which were assessed as "all other garden and field seeds not specially provided for" under the provisions of paragraph 762 of the Tariff Act of 1922. The importer claimed among other things, that they were free of duty as oil-bearing seeds under paragraph 1626 of the same act, the correlative paragraph to 1727, here involved. This division in its decision below, *Prunty Seed & Grain Co.* v. *United States*, T. D. 43926, 57 Treas. Dec. 453, construed paragraph 1626 and held as follows:

> In our opinion that paragraph provides only for the seeds and nuts therein named and for other seeds and nuts the oil from which is specifically provided for free of duty. An example of this latter class is found in the provision in paragraph 1632 for tung oils and *nut oils not specially provided for*. [Italics supplied.]

The Court of Customs and Patent Appeals adopted our construction of said paragraph 1626.

As we read the *Prunty* decision it supports plaintiff's claim in that it held that "nut oils not specially provided for" was a specific provision. The reason for the holding of the court of appeals that niger seed was not free of duty was that the oil of niger *seed* was not specially provided for in paragraph 1632 of the act of 1922. However, "*nut oils not specially provided for*," are therein enumerated.

We find that the plaintiff has not sustained the burden of overcoming the presumption of correctness attaching to the collector's finding. His claim for free entry is therefore overruled.

Judgment will be rendered accordingly.